■ In the Matter of the Construction of the Will of ARTHUR W. SMITH, Deceased. MARION R. SMITH, as Executor of ARTHUR W. SMITH, Deceased, Appellant; HAMILTON LODGE, No. 120, F. & A. M., Respondent.— Appeal from a decree of the Surrogate's Court, Madison County. Testator in his will expressed the desire that certain real property be conveyed to a Masonic Lodge at fair market value less $3,000. One of the executors petitioned the Surrogate to construe the will. He did not ask that the will be construed as to whether the clause in the will was precatory or directory; but asked whether the $3,000 was to be deemed an absolute bequest to the lodge; whether the executors had an absolute power of sale of the property; and whether, if timely notice is given to the lodge of the executors' "desire to sell" the property and the lodge does not offer to buy it, sale may be made to a third party. The executors apparently accept without dispute an obligation to offer the property to the lodge at fair value. The Surrogate construed the clause to be directory, a construction which exceeded the request for relief in the petition; and directed that the executors must offer the property to the lodge "at the fair market value" less $3,000, and announced that if the executors and the lodge fail to agree on the price the court would appoint two appraisers "to determine the fair market value thereof". Executors have a right to appeal from this decree if they feel aggrieved thereby; the fact they asked for a construction does not bind them to accept any construction they get, right or wrong. We think the actual request for construction made by the executors should be answered just as it is framed. We hold that if the executors give a reasonable notice to the lodge of a desire to sell and if the lodge does not offer to buy, the executors may then sell the property to a third party. If the lodge desires to buy the property the offer should be the fair value. If there is disagreement between the parties as to what is fair value, this may be adjudicated in the usual way. The party tendering or offering to take an amount believed to be fair value can enforce his rights by appropriate remedy. We are unable to find authority for a judicial intervention by the appointment of appraisers in case of disagreement, unless

both parties request that relief. We agree with the Surrogate in his ruling that if the lodge does not buy the property it is not entitled to the benefit of the $3,000 credit as a bequest. The language in which this is stated is very closely related to provisions concerning purchase of the property by the lodge. This is a construction which, in any event, is favorable to the executors and the lodge does not appeal. We find it unnecessary to decide in view of the limited form of the petition whether the clause is directory or precatory; but if we were to reach that question we would hold the clause to be precatory. (*Lawrence* v. *Cooke*, 104 N. Y. 632; *Post* v. *Moore*, 184 N. Y. 15; *Matter of Johnston*, 277 App. Div. 239.) Decree modified on the law in accordance with this decision and as modified affirmed, with costs to appellants payable from the estate. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.